Qiu v. Sessions

BIA
Loprest, IJ
A205 890 367

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

LI QING QIU,
> *Petitioner,*

> v.                                                  16-2711
>                                                     NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Jay Ho Lee, New York, NY.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Cindy S. Ferrier,
                        Assistant Director; Brendan P.
                        Hogan, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Qing Qiu, a native and citizen of the People's Republic of China, seeks review of a July 21, 2016, decision of the BIA affirming a May 21, 2015, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Qing Qiu,* No. A205 890 367 (B.I.A. July 21, 2016), *aff'g* No. A205 890 367 (Immig. Ct. N.Y. City May 21, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable,

2

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(i), (iii). "Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008). Qiu failed to establish a well-founded fear of persecution in China on account of her intentions to practice her Catholic faith in an unregistered church and proselytize.

The country conditions evidence provides that tens of millions of individuals practice in unregistered churches in China, and that in some areas unsanctioned religious practices are tolerated without interference. The evidence does not discuss any incidents of persecution against Catholics for proselytizing. Therefore, despite evidence of sporadic arrests of religious practitioners and public proselytizers, Qiu did not establish that Chinese officials are likely to become aware of her religious practice (whether worshiping on

3

proselytizing) or a reasonable possibility that she would be persecuted as a result. *See* 8 C.F.R. § 1208.13(b)(2)(i), (iii); *see also Hongsheng Leng*, 528 F.3d at 142-43; *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining pattern or practice as "systemic or pervasive" persecution of a group).

Accordingly, the agency did not err in concluding that Qiu failed to establish a well-founded fear of persecution on account of her religion. *See* 8 C.F.R. § 1208.13(b)(2)(i), (iii); *Hongsheng Leng*, 528 F.3d at 142-43. That finding was dispositive of asylum, withholding of removal, and CAT relief given that all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4